UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WILLIAM EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2260-CSB-DGB |
| | ) |
| KEITH ANGLIN, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff William Evans' claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

William Evans is an inmate within the Illinois Department of Corrections ("IDOC"). Evans is currently housed at the Danville Correctional Center, but he is scheduled to be released in the near future.

William Evans has filed the instant case asking the Court to order Defendant Keith Anglin, the warden of the Danville Correctional Center, to release him in a city other than Chicago, Illinois. According to Evans, IDOC maintains a policy to release inmates, when they have completed their term of incarceration, in the city in which their offenses occurred. For Evans, that city would be Chicago. Evans alleges that, if IDOC releases him in Chicago, he will be in imminent danger. Accordingly, Evans asks the Court to order Anglin to release him to Gary, Indiana, where his sister resides, or Evansville, Indiana, where his brother resides.

In addition, Evans asserts that Anglin has denied his repeated requests for furloughs from prison. Evans claims that he needs these furloughs so that he can obtain a job to earn money that he will need when he is released.

Evans has filed this suit under 42 U.S.C. § 1983. To prevail in this section 1983 action, [Evans] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).

Evans does not have a constitutionally protected right to be released from IDOC's custody to any certain city. Likewise, Evans does not have a constitutionally protected right to be granted furloughs during his time of incarceration. Thus, he cannot maintain his § 1983 action.

What Evans wants is for the Court to become involved in the operations of a state prison and the operations of Illinois' penal system. Evans' request is an extraordinary one, and one that this Court will not grant. *Martin v. Gorske*, 2011 WL 4431189, * 1 (E.D. Wis. Sept. 22, 2011) ("Asking a federal court to become involved in the operations of a state prison is, after all, an extraordinary request."); *McSwain v. Schrubbe*, 2009 WL 728453, * 1 (E.D. Wis. Mar. 17, 2009)(same).

"This conclusion is consistent with the reluctance of federal courts to become involved in the day to day operations of the prison system. The administration of a prison is at best an extraordinarily difficult undertaking and requires broad discretion on the part of prison officials. It is not for the federal courts to intervene and review such discretionary administrative determinations, absent a clearly mandated due process right." *Hawkins v. O'Leary*, 729 F. Supp. 600, 603 (N.D. Ill. 1990)(internal quotations omitted). Evans has not demonstrated a protectable liberty interest under the due process clause. Accordingly, his Complaint is dismissed.

**IT IS, THEREFORE, ORDERED that:**

**1. Plaintiff's motion for status [5] is DENIED AS MOOT.**

**2. Plaintiff William Evans' Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.**

**3. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).**

**4. Plaintiff must still pay the full docketing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.**

**5. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

**6. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

Entered this 12th day of March 2014.

                                          /s Colin S. Bruce
                                          COLIN S. BRUCE
                                   UNITED STATES DISTRICT JUDGE